UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL URIARTE-LIMON,<br><br>         Plaintiff,<br><br>v.<br><br>2 TM TOBACCO INC.; BASIM KHOURY; ESTHER KHOURY; GEORGETTE BARGHOUT; and DOES 1-10,<br><br>         Defendants. | Case No.: 24-cv-01423-AJB-DEB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S STATE LAW CAUSE OF ACTION**<br><br>**(Doc. No. 5)** |

  Before the Court is Defendants 2 TM Tobacco, Inc., Basim Khoury, Esther Khoury, and Georgette Barghout's (collectively, "Defendants") motion to dismiss Plaintiff Raul Uriarte-Limon's ("Plaintiff") state law cause of action. (Doc. No. 5.) The motion is fully briefed. (*See* Doc. Nos. 5, 7, 8.) The Court, pursuant to its discretion under Civil Local Rule 7.1.d.1, determines the matter is suitable for resolution without need for oral argument, submits the motion on the parties' papers, and vacates the hearing. For the following reasons, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's state law cause of action.

///

///

1

I.     **BACKGROUND**[1]

This case is an action alleging violations of the Americans with Disabilities Act of 1990 ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). (Complaint, ("Compl."), Doc. No. 1, ¶¶ 39–60.)

Plaintiff cannot walk due to paraplegia and uses a wheelchair for mobility. (*Id.* ¶ 1.) Defendant 2TM Tabacco Inc. is a smoke shop known as Tommy's Tabacco, located at or about 1297 Imperial Beach Boulevard, Imperial Beach, CA ("Subject Property"). (*Id.* ¶¶ 2–5; *see also* Motion to Dismiss ("Mot."), Doc. No. 5-1, at 6.) Defendants Basim Khoury, Esther Khoury, and Georgette Barghout are owners and landlords of the Subject Property. (Compl. ¶¶ 2–5; Mot. at 6–7.) Tommy's Tabacco is a business establishment open to the public. (Compl. ¶ 11.)

On May 15, 2024, Plaintiff went to Tommy's Tabacco and purchased a beverage. (*Id.* ¶ 12.) Plaintiff alleges Defendants failed to provide an accessible and ADA compliant parking space designated for disabled persons. (*Id.* ¶ 19.) Specifically, Plaintiff alleges the following deficiencies: (1) the designated accessible parking space was "so badly deteriorated it c[ould] not be clearly identified," (*Id.* ¶ 20); (2) the designated accessible parking space's adjacent access aisle did not say "No Parking," or the paint was "so deteriorated it c[ould] not be clearly identified," (*id.* ¶ 21); (3) there was no ADA compliant parking signage, (*id.* ¶ 22); and (4) there was no sign "in a conspicuous place at the entrance to the facility. . . stating that vehicles parked in designated accessible spaces not displaying a disabled placard or license plate will be towed," (*id.* ¶ 23). Defendants' alleged failure to provide accessible and compliant parking and access aisle caused Plaintiff difficulty getting in and out of his vehicle, discomfort, and embarrassment. (*Id.* ¶ 26.) Plaintiff "intends to return to the Subject Property in the near future" but "is currently deterred from returning because of the knowledge of the barriers to equal access that relate to Plaintiff's disabilities.

---

[1] The following facts are taken from Plaintiff's Complaint, which the Court construes as true for the limited purpose of resolving the instant motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

. . ." (*Id.* ¶ 28.)

On August 9, 2024, Plaintiff filed a complaint with this Court. (Compl.) On September 10, 2024, Defendants filed a motion to dismiss Plaintiff's state law cause of action. (Mot.) Defendants also filed a request for judicial notice of the other lawsuits Plaintiff filed in this District from August 30, 2019, through August 9, 2024. (Doc. No. 5-2.) Plaintiff filed a response in opposition to Defendants' motion to dismiss on September 25, 2024. (Opposition, ("Opp'n"), Doc. No. 7.) Defendants filed their reply on October 2, 2024. (Doc. No. 8.) In conjunction with Defendants' reply brief, Defendants filed a request for judicial notice of Governor Newsom's January 23, 2024 Proclamation of a State of Emergency in San Diego and Ventura counties following widespread flooding. (Doc. No. 8-1.)

## II.  LEGAL STANDARD FOR SUPPLEMENTAL JURISDICTION

The federal supplemental jurisdiction statute provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367. "Supplemental jurisdiction is mandatory unless prohibited by § 1367(b), or unless one of the exceptions in § 1367(c) applies." *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1028 (S.D. Cal. 2017). Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *See* 28 U.S.C. § 1367(c).

"Under this statute [28 U.S.C. § 1367(c)], a district court can decline jurisdiction under any one of four provisions." *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d

470, 478 (9th Cir. 1998). A district court need not provide an explanation for declining supplemental jurisdiction under any of the first three provisions of U.S.C. § 1367(c). *Id.* at 478–79. However, if the court declines jurisdiction under 28 U.S.C. § 1367(c)(4), the court "must articulate why the circumstances of the case are exceptional" and consider whether values of judicial economy, convenience, fairness, and comity provide compelling reasons for declining jurisdiction. *See Exec. Software N. Am., Inc. v. U.S. Dist. Ct. for Cent. Dist. of California*, 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled on other grounds by California Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008); *see also Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021).

## III.   DISCUSSION

The Court will first address Defendants' requests for judicial notice. Then, the Court will address Defendants' motion to dismiss.

### A.   Defendants' Requests for Judicial Notice

Under the Federal Rules of Evidence, courts may take judicial notice of a "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Specifically, matters of public record and judicial proceedings in other courts have been recognized as acceptable facts the court may judicially notice. *See Wheeler v. Premiere Credit of North America*, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015) (stating a federal appellate opinion was a matter of public record and was capable of accurate and ready determination, and therefore the court could take judicial notice of the opinion); *Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) (stating the court may take judicial notice of judicial proceedings in other courts) (citing *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006)); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

The Court takes judicial notice of the existence of Plaintiff's similar lawsuits filed in this District from August 30, 2019, through August 9, 2024. (Doc. No. 5-2.) These

lawsuits are accurately and readily determinable from this District's PACER system, the accuracy of which cannot reasonably be questioned. Defendants' moving papers indicate Plaintiff has filed 36 similar lawsuits (including this case) between August 30, 2019, and August 9, 2024. (*Id.*) Accordingly, the Court **GRANTS** Defendants' request for judicial notice.

Defendants also request the Court take judicial notice of Governor Newsom's January 23, 2024 Proclamation of a State of Emergency in San Diego and Ventura counties, (Doc. No. 8-2), but as the Court does not rely on the document in reaching its conclusion, the Court **DENIES** the request as moot.

### B. The Unruh Civil Rights Act

California's Unruh Act provides in part that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). A violation of the federal ADA is also considered a violation of the Unruh Act in California. *Id.* § 51(f).

Under the Unruh Act, a plaintiff is required to show that the defendant performed an intentional act or omission. *See Org. for the Advancement of Minorities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1129 (S.D. Cal. 2005). However, the ADA does not require a plaintiff to show intentional discrimination if a plaintiff's "Unruh Act violation is premised on an ADA violation." *Lentini v. Cal. Center for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004).

While the ADA only provides injunctive relief for plaintiffs, the Unruh Act allows the additional recovery of monetary damages. Cal. Civ. Code § 52(a). A plaintiff may recover actual damages for each Unruh Act violation "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)[.]" *Id.* However, a plaintiff "need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).

### C. The Americans with Disabilities Act

The ADA bars discrimination against an individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). An establishment that serves food or drink, or a sales establishment, is a "public accommodation" under the ADA. 42 U.S.C. § 12181(7)(B); *id.* § 12181(7)(E).

Prevailing on an ADA claim requires a plaintiff to prove that (1) he or she has a disability, as defined under the ADA; (2) the defendant leases, owns, or operates a place of public accommodation; and (3) the defendant denied public accommodations to the plaintiff because of plaintiff's disability. 42 U.S.C. §§ 12181(a)–(b); *see Molski*, 481 F.3d at 730. Furthermore, a plaintiff is not required to show "intentional discrimination in order to make out a violation of the ADA." *Lentini*, 370 F.3d at 846. The available remedy under the ADA does not include recovery of damages, but instead provides only injunctive relief. *Schutza*, 262 F. Supp. 3d at 1029 (quoting *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1))).

### D. Plaintiff's Unruh Act Claim and Supplemental Jurisdiction

Defendants present two arguments as grounds to decline supplemental jurisdiction over Plaintiff's Unruh Act claim. First, Defendants contend that because Unruh Act claims allow damages of $4,000 per violation, whereas the ADA only permits injunctive relief, the California Unruh Act claim predominates over Plaintiff's ADA claim, enabling the Court to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(2). (Mot. at 10–12.) Second, Defendants argue that exceptional circumstances support declining supplemental jurisdiction under 28 U.S.C. § 1367(c)(4). Specifically, Defendants assert Plaintiff is a "high-frequency litigant" as defined by the California legislature and his inclusion of his Unruh Act claim constitutes impermissible forum shopping to avoid California's heightened pleading standards. (*Id.* at 12–15.) Plaintiff responds there is no basis for the Court to decline supplemental jurisdiction over the Unruh Act claim and having both of

Plaintiff's claims heard in the same court is more efficient. (Opp'n at 4–10.) The Court agrees with Defendants.

### a. Plaintiff's Unruh Act Claim Substantially Predominates over Plaintiff's ADA Claim.

If a state claim "substantially predominates" over a federal claim "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought," then the Court may dismiss the state claims without prejudice. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966). In addition, there may be other reasons that are "independent of jurisdictional considerations . . . that would justify separating state and federal claims for trial." *Id.* at 727. Here, if the Court exercises supplemental jurisdiction over the Unruh Act claim, (1) Defendant's intent, and (2) monetary damages would be extraneous issues that would have to be litigated and yet not relevant to Plaintiff's federal ADA claim. *See Whitaker v. Tesla Motors, Inc.*, No. 19-CV-01193-AJB-BLM, 2020 WL 2512205, at *3 (S.D. Cal. May 15, 2020). Further, because injunctive relief as well as damages are available under the Unruh Act, "the ADA claim appears to be a secondary claim used to justify filing in this [C]ourt," and "[a]s such, the state claim substantially predominates over the ADA claim." *Schutza v. Enniss Fam. Realty I LLC*, No. 20-CV-0298 W (JBL), 2020 WL 3316969, at *2 (S.D. Cal. June 18, 2020). Indeed, another court in this District declined supplemental jurisdiction over Plaintiff's Unruh Act claim, finding that because the Unruh Act provides for the same injunctive relief as the ADA, the inclusion of the ADA claim in Plaintiff's lawsuit "appears to serve no purpose other than forum shopping by Plaintiff." *Raul Uriarte-Limon v. Arnold J. Schmidt* et al. Case No. 24-cv-00774, Doc. No. 7 (S.D. Cal. May 20, 2024). Given the additional elements necessary for an Unruh Act claim, the Court will decline to exercise jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(c)(2). *See Feezor v. Tesstab Operations Grp., Inc.*, 524 F. Supp. 2d 1222, 1224 (S.D. Cal. 2007) ("Given the disparity in terms of comprehensiveness of the remedy sought, state law claims substantially predominate over the ADA for purposes of 28 U.S.C. § 1367(c)(2).").

**b. Exceptional Circumstances and Compelling Reasons Warrant Not Exercising Supplemental Jurisdiction.**

In 2015, the California legislature found that between 2012 and 2014, a small number of plaintiffs had filed a "disproportionately large number of the construction-related accessibility claims in the state[.]" Cal. Civ. Proc. § 425.55(a)(2). In response, the California legislature created additional pleading and court filing requirements for high-frequency litigants "to ensure that the claims are warranted." Cal. Civ. Proc. § 425.55(b); *see also Uriarte-Limon v. United Cap. Invs., LLC*, No. 5:21-CV-00276-MAA, 2021 WL 6103533, at *4 (C.D. Cal. Nov. 12, 2021) ("By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face from claims for statutory damages and attorneys' fees under the Unruh Act and related state law claims brought by serial litigants.") Courts have accordingly declined supplemental jurisdiction over plaintiffs' state law claims in the interest of comity and in deference to the State of California's objective in "discouraging unverified disability discrimination claims." *Schutza*, 262 F. Supp. 3d at 1031; *see also Molski v. Hitching Post I Rest., Inc.*, No. CV 04-1077SVWRNBX, 2005 WL 3952248, at *8–*9 (C.D. Cal. May 25, 2005) (finding comity to be a compelling reason for declining supplemental jurisdiction over state claims on the ground that California courts should have the opportunity to interpret state disability laws).

Here, Plaintiff concedes he is a "high-frequency litigant." (Opp'n at 5.) Of the 36 cases Plaintiff has filed in this District between August 30, 2019, and August 9, 2024, including four before this Court, 26 cases have settled and closed within months of filing and without reaching a trial on the merits. (*See* Doc. No. 5-2.) The majority of the remaining cases filed by Plaintiff in this District were voluntarily dismissed. *Id.* "The Court finds this 'sue, settle, and move onto the next suit[]' pattern to be a compelling reason to decline supplemental jurisdiction." *See Rutherford v. Ara Lebanese Grill*, No. 18-CV-01497-AJB-WVG, 2019 WL 1057919, at *5 (S.D. Cal. Mar. 6, 2019). Therefore, out of deference to California's heightened pleading requirements for disability lawsuits, and in

the interest of comity, as California courts should interpret California's disability laws, the Court will decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. *See Schutza,* 262 F. Supp. 3d at 1030–31. Because the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim, it is **DISMISSED WITHOUT PREJUDICE**.

## V. CONCLUSION

In light of the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's Unruh Act claim. (Doc. No. 5.) Plaintiff's Unruh Act claim is **DISMISSED WITHOUT PREJUDICE** and **WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED**.

Dated: December 2, 2024

Hon. Anthony J. Battaglia
United States District Judge